UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TRENIA WILSON and TOM WILSON,**

    Plaintiffs,

    v.                                    **CIVIL NO. 97-1142 DJS/LFG**

**FEDERATED SERVICE INSURANCE CO.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment filed March 11, 1998 (Docket No. 16). Pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, this case has been assigned to a Magistrate Judge for final disposition. The Court heard oral argument on the motion for summary judgment on April 13, 1998.

    Plaintiffs brought this action for declaratory judgment under 28 U.S.C. §2201 seeking a declaration regarding whether Defendant is required to treat them as insured under New Mexico law and regarding the amount of coverage available for Plaintiffs' underinsured motorist claim. Defendant argues that it is entitled to summary judgment in its favor because the insurance policy at issue validly and unambiguously excludes Plaintiff Trenia Wilson from underinsured motorist coverage.

    Plaintiffs seek coverage under a Garage Coverage Policy, Number 0623947, issued to Trenia Wilson's employer, Teague Strebeck Motors, Inc. (Strebeck). Trenia Wilson was employed by Strebeck as a salesperson. She was involved in an accident while driving a vehicle owned by Strebeck

1

and insured pursuant to a "demonstration vehicle" program. Plaintiff Trenia Wilson paid $50.00 per month for "demonstration insurance" in order to participate in the program. Plaintiffs assert that no one at Strebeck was provided a copy of the insurance policy, although it was to be made available by Strebeck on request. Plaintiffs did not request a copy of the policy until after the accident.

At oral argument, Plaintiffs presented Exhibit No. 3 in support of their response to the motion for summary judgment. That document is a letter to Strebeck employees explaining the "demo program" under which Plaintiff Trenia Wilson obtained a car from Strebeck. That letter states that "Insurance on the vehicle, personal injury, etc. will be equal to and does not exceed the limits outlined in our company insurance policy." The letter states that employees need to see their department manager if they need a copy of the limitations and liabilities of the policy.

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact..." Id. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations and quotations omitted). The material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion. Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979).

Defendant contends that it is entitled to summary judgment because Strebeck's policy included an endorsement which provided uninsured/underinsured motorist coverage for directors, officers, partners, or owners of the company and those persons' family members, but not for any other person insured under the policy. Defendant attached a copy of the page which they assert excludes coverage. That page was attached to the insurance policy provided to Strebeck. In New Mexico, rejections of uninsured motorist coverage must be made a part of an insurance policy by endorsement on the declarations sheet, by attachment of the written rejection to the policy, or by some other means that makes the rejection a part of the policy so as to clearly and unambiguously call to the intention of the insured the fact that the coverage had been waived. Romero v. Dairyland Insurance Co., 803 P.2d 243, 245 (N.M. 1990).

The page stating that uninsured or underinsured motorist coverage was limited to officers, directors, partners, and owners of Strebeck, as well as those persons' family members, was attached to the policy. Therefore, that rejection of underinsured motorist coverage for employees of Strebeck is valid under New Mexico law. Plaintiffs argue that a written rejection form is required to decline uninsured motorist coverage. However, all that New Mexico law requires is that the rejection be made a part of the policy by some means so as to clearly and unambiguously call to the attention of the insured the fact that coverage has been waived. Romero, 803 P.2d at 245. That requirement was met in this case.

Plaintiffs also argue that, because the policy was for the benefit of employees of Strebeck who were driving demonstration vehicles, rejection of uninsured and underinsured motorist coverage is akin to a driver's exclusion form. A form excluding a driver from coverage must be signed by each named insured in order to be enforceable. Tafoya v. Western Farms Bureau, 872 P.2d 358, 360 (N.M.

3

1994); Moore v. State Farm Insurance Co., 888 P.2d 1004, 1007 (N.M.Ct.App. 1994), cert. denied 889 P.2d 203 (N.M. 1995). However, Plaintiffs offers no support for the proposition that the rejection of uninsured motorist coverage for some persons otherwise insured under a policy is the equivalent of a driver's exclusion. Further, equating rejection of uninsured motorist coverage with a driver exclusion is not supported by the New Mexico statutes, which deal with each issue separately. Compare NMSA 1978 §66-5-301 (Michie 1994) with NMSA 1978 §66-5-221K (Michie 1994) and NMSA 1978 §66-5-222 (Michie 1994). This Court declines Plaintiffs' invitation to break new ground in New Mexico's insurance law.

Summary judgment on Defendant's behalf is appropriate and Plaintiffs' complaint must be dismissed with prejudice. Strebeck rejected uninsured and underinsured motorist coverage for its employees, while retaining generous coverage for its officers and their families. Because the mechanism by which the uninsured and underinsured motorist coverage was rejected satisfies the requirements of New Mexico law, Plaintiffs' cause of action against the Defendant insurance company must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion for summary judgment is granted.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**